# UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

M.L. KING, JR. FEDERAL BUILDING

50 WALNUT ST., 3RD FLOOR

NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693

BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**

JAMES J. WALDRON, CLERK

**JUNE 6, 2011**

U.S. BANKRUPTCY COURT

NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

June 6, 2011

**LETTER OPINION**

**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Wasserman, Jurista & Stolz, P.C.
Leonard C. Walczyk, Esq.
225 Millburn Avenue, Suite 207
P.O. Box 1029
Millburn, New Jersey 07041
*Counsel for Involuntary Debtor,*
*Nader Homes, Inc.*

Porzio, Bromberg & Newman, P.C.
John S. Mairo, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07960
*Counsel for Petitioning Creditors,*
*Joseph M. Sukola and Mary Lee Gorse*

Re:   **In re Nader Homes, Inc.**
      **Case No. 11-22760 (DHS)**

Page 2
June 6, 2011

Dear Counsel:

Before the Court is a motion by Nader Homes, Inc. ("NHI") seeking an order of abstention and dismissal of the involuntary chapter 7 petition filed against it by creditors Joseph M. Sukola and Mary Lee Gorse ("Sukola and Gorse"), Jaeger Lumber & Supply Co. ("Jaeger"), and Lesco Plumbing & Heating LLC ("Lesco") (collectively "Petitioning Creditors"), together with sanctions for a bad faith filing. The Petitioning Creditors oppose the motion and argue that NHI has failed to carry its burdens of proof on abstention and bad faith.

For the reasons that follow, the motion is denied. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(a), 157(b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. Venue is proper under 28 U.S.C. § 1408. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## **FACTS AND PROCEDURAL HISTORY**

Nader Homes, Inc. ("NHI") is in the business of residential home construction and remodeling. NHI's owner and principal is George A. Nader. On January 5, 2011, NHI filed a Deed of Assignment for the Benefit of Creditors ("ABC"), thereby assigning all of its assets to Steven Mitnick, Esq. ("Assignee"). The ABC proceedings are presently pending in the Superior Court of New Jersey before the Honorable Deanne Wilson, J.S.C.

Following an appraisal of NHI's physical assets, the Assignee determined that they had a "forced sale value" of approximately $38,140. (Cert. of Steven Mitnick, ¶ 8, Ex. A) ("Mitnick Cert.") Among these assets were seven pending home renovation projects. (*Id*. at ¶ 7) First State Bank ("FSB") holds a secured lien in the amount of $49,000 on NHI's assets. Shortly after the ABC was filed, an insider entity named Nader Enterprises, Inc. ("Buyer"), which is owned by Elizabeth Nader, George Nader's wife, offered to purchase the NHI assets on the following terms: (i) a $50,000 cash payment; (ii) assumption of the FSB lien; (iii) the continued operation of NHI, at the same location, with the same employees, under a new lease with the landlord; and (iv) completion of the seven unfinished projects. (*Id*. at ¶¶ 10-12) On January 21, 2011, sixteen (16) days after the ABC was filed, the Assignee filed a motion to approve the proposed sale and management agreement. (*Id*. at ¶ 11)

Sukola and Gorse hold an unsecured final judgment against NHI, obtained in the state court on January 23, 2011, in the amount of $491,550.90. (Cert. of Joseph Sukola, ¶ 1) ("Sukola Cert.") They objected to the Assignee's sale motion and Judge Wilson conducted a status conference with the parties on March 3, 2011. No other parties objected at that time. Thereafter, the sale hearing was adjourned to an undetermined date in order to allow the Assignee additional time to address Sukola and Gorse's objections.

Page 3
June 6, 2011

On April 25, 2011, attorneys for the Petitioning Creditors filed the instant involuntary bankruptcy petition against NHI. Jaeger and Lesco are trade creditors that also hold unsecured state court judgments against NHI and are owed $60,326.61 and $8,500, respectively. (Cert. of John Pheney, ¶ 7; Cert. of Michael Marvon, ¶13) Together, the Petitioning Creditors represent approximately sixty-three percent (63%) of the non-insider claims against NHI. All of the Petitioning Creditors assert that, "in light of the insider nature of the proposed sale, and the minimal to no recovery for unsecured creditors . . . ," chapter 7 represents their best, and perhaps only, chance for a recovery. (*Id.* at ¶15; *Id.* at ¶ 22; Sukola Cert., ¶ 8) They argue that the additional powers and oversight of a chapter 7 trustee warrant the filing and make the bankruptcy court the most appropriate forum.

NHI argues that liquidation under chapter 7 would result in zero recovery for unsecured creditors, in light of the FSB lien. (Mem. of Law in Supp. of NHI's Mot. to Dismiss, p. 3) ("NHI Mem.") Furthermore, it argues that pending projects would be abandoned, employees terminated, and a revenue source for NHI's subcontractors eliminated. (*Id.* at 3-4) The Assignee asserts that any work done by a chapter 7 trustee would be duplicative of investigations and due diligence already accomplished. (Mitnick Cert., ¶ 22) Accordingly, NHI believes the ABC proceeding represents the best outcome for both NHI and its creditors and it respectfully asks the Court to dismiss the involuntary petition pursuant to 11 U.S.C. § 305(a)(1). Furthermore, and in light of the foregoing, NHI asserts that the case against it was filed in bad faith pursuant to 11 U.S.C. § 303(i) and therefore, "cause" exists for dismissal under 11 U.S.C. § 707(a) as well as sanctions.

## DISCUSSION

### I.   Bad Faith Filing of an Involuntary Petition

11 U.S.C. § 303 provides creditors with the ability to file an involuntary bankruptcy petition against certain entities, including certain corporations, under chapters 7 and 11 of the Bankruptcy Code. Section 303(b) mandates that, in cases where there are more than twelve creditors, the petitioning creditors number at least three, each creditor holds a noncontingent, undisputed claim, and such claims aggregate at least $14,425 more than the value of any lien securing such claims. 11 U.S.C. § 303(b)(1), (b)(2). If an involuntary case is dismissed in conjunction with a finding that the petitioners filed the petition in bad faith, the court may award actual and punitive damages. 11 U.S.C. § 303(i).

The section does not expressly define "bad faith." However, the trend among bankruptcy courts in this District is a totality of the circumstances test. See *In re Skyworks Ventures, Inc.*, 431 B.R. 573, 577 (Bankr. D.N.J. 2010) ("The totality of circumstances should be considered in determining whether the petitioner acted in bad faith including whether the petition was filed for

Page 4
June 6, 2011

an improper use or purpose and the subjective and objective motives.") (citing *In re Silverman*, 230 B.R. 46, 52 (Bankr. D.N.J. 1997); *In re Landmark Distributors, Inc.*, 189 B.R. 290, 309-10 (Bankr. D.N.J. 1995)). The court should consider both the objective facts surrounding the filing as well as "ascertain the subjective motivations" of the petitioning creditors for evidence of ulterior motives. *In re Elsub*, 66 B.R. 189, 196 (Bankr. D.N.J. 1986).

In *Skyworks Ventures*, the court found that the petition was filed in bad faith because: (i) the petitioning creditor held a contingent, disputed claim; (ii) it did not perform adequate due diligence in determining whether more than twelve creditors existed; (iii) an alternate forum (the District Court) existed to resolve the two-party dispute; and (iv) the petition was not filed in the collective interests of creditors, but rather as a litigation tactic in a pending District Court action. *Skyworks Ventures,* 431 B.R. at 577-579.

In contrast, the present case presents no evidence of bad faith. The petitioning creditors complied with the requirements of section 303(b). Each holds a state court judgment against NHI. Together, they represent sixty-three percent (63%) of non-insider claims. The remaining large creditors are law firms and would not be expected to join in the petition. Thus, it is clear that the creditors holding a majority of the claims favor this forum.

Although NHI attempts to portray the filing as a mere litigation tactic by Sukola and Gorse, all Petitioning Creditors have stated their belief that chapter 7, for several reasons outlined above, represents their best chance at recovery. Whether they will in fact realize a more substantial recovery through the bankruptcy process than through the state court proceeding cannot be determined at this time. However, the Court has no reason to doubt the sincerity of their efforts. Accordingly, the totality of the circumstances does not demonstrate that the petition was filed in bad faith.

## II.     Abstention and Dismissal

Section 305(a), which governs abstention and dismissal, provides that:

> The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if–
>    (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; . . .

11 U.S.C. § 305(a)(1). The burden of proving that dismissal will "better serve" both the debtor and the creditors falls on the moving party. *See, e.g., In re Compania de Alimentos Fargo*, 376 B.R. 427, 434 (Bankr. S.D.N.Y. 2007); *In re Paolino*, 49 B.R. 834, 835 (Bankr. E.D. Pa. 1985). Abstention under section 305 is considered an extraordinary remedy and is not subject to appellate review. *See, e.g., Fargo*, 376, B.R. at 434; *In re Schur Mgmt. Co., Ltd.,* 323 B.R. 123, 129 (Bankr. S.D.N.Y. 2005). Therefore, courts should be wary of adopting too broad a test for

Page 5
June 6, 2011

abstention. *See* 2 Collier on Bankruptcy ¶ 305.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also Eastman v. Eastman*, 188 B.R. 621, 624-25 (B.A.P. 9th Cir. 1995) (the test under § 305(a) is not whether dismissal would prejudice the debtor or whether a balancing process favors dismissal, but whether the debtor and all creditors will be "better served" outside of bankruptcy).

Courts considering abstention following an involuntary filing generally utilize one of two approaches. The first approach looks to whether three conditions exist: (1) the petition was filed by a few recalcitrant creditors and most creditors oppose the bankruptcy; (2) there is a state insolvency proceeding or an out-of-court arrangement pending; and (3) the dismissal is in the best interests of the debtor and all creditors. *See, e.g., In re Short Hills Caterers, Inc.*, 2008 Bankr. LEXIS 1726, at *11 (Bankr. D.N.J. June 4, 2008) (collecting cases); *GMAM Investment Funds Trust I v. Globo Comunicacoes e Participacoes S.A. (In re Globo Comunicacoes e Participacoes S.A.),* 317 B.R. 235, 254 (S.D.N.Y. 2004); *In re Sherwood Enters., Inc.,* 112 B.R. 165, 167-68 (Bankr. S.D. Tex. 1989).

A second approach is more akin to a totality of the circumstances standard, and includes such factors as: (1) economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving the equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive, out-of-court arrangement, which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought. *See, e.g., Short Hills Caterers,* 2008 Bankr. LEXIS 1726, at *12-13 (collecting cases); *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464 (Bankr. S.D.N.Y. 2008) ("early cases" used three-factor test whereas recent trend is toward a consideration of at least seven factors); *In re Paper I Partners, L.P.,* 283 B.R. 661, 678 (Bankr. S.D.N.Y. 2002); *In re R&A Bus. Assoc Inc.*, 1999 Bankr. LEXIS 543 (Bankr. E.D. Pa. 1999).

Under either approach, NHI has not satisfied its burden of proof in this case. The statute itself is clear: dismissal is not warranted unless the interests of the debtor *and* the creditors are "*better served*" by such action. There is no evidence indicating creditors will be better off outside of the bankruptcy court. NHI simply argues that the outcome for unsecured creditors will be bad in either forum. This is not enough to satisfy the language of section 305.

The instant case is easily distinguishable from *Short Hills Caterers.* In that case, the Court dismissed the involuntary petition in favor of state law insolvency proceedings because the Assignee expected to receive a one-hundred percent (100%) recovery for all creditors. *Short Hills Caterers,* 2008 Bankr. LEXIS 1726, at *16. Thus, creditors stood to gain nothing by proceeding under chapter 7.

Page 6
June 6, 2011

Here, sixty-three percent (63%) of the non-insider claims want the case to proceed in this Court, where a chapter 7 trustee will have expanded investigatory and avoidance powers, not the least of which is the longer look-back period for preference actions under the Bankruptcy Code as compared to state law. In addition, there are questions and concerns surrounding the speed with which the insider sale was proposed. A trustee may be able to negotiate the same or a better offer under chapter 7, thereby preserving the expected, albeit limited, recovery for unsecured creditors and alleviating concerns that unfinished home renovations will be abandoned. Accordingly, the Court does not find that creditors will be "better served" by dismissal.

Furthermore, there is no evidence that the ABC was actively litigated in the state court thus minimizing concerns of judicial economy. There are significant issues relating to the sale proposal yet to be determined. If considerable time and energy had been expended by the state court, this Court would consider the interests of judicial economy in deciding whether to abstain. However, the assignment proceeding was in its infancy. Only one status conference was held with Judge Wilson and it does not appear the state court had expended significant time on the matter. Similarly, the efforts of the Assignee and NHI were not so extensive as to weigh against shifting the process into the bankruptcy court. Therefore, general factors of economy and efficiency also weigh against dismissal.

## **CONCLUSION**

In light of the foregoing, the Court does not find that the interests of NHI and its creditors will be better served by dismissal of the involuntary petition. Therefore, the motion to abstain and dismiss is denied.

An Order in conformance with this Opinion has been entered by the Court and is attached hereto.

                    Very truly yours,

                    *s/ Donald H. Steckroth*

                    DONALD H. STECKROTH
                    UNITED STATES BANKRUPTCY JUDGE

Enclosure